UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DENISE MARTINEC, PATRICIA WILSON,
MILADY FERRER, BONNIE DROTAR,
MIKE STEINBERG, EUGENE WHEELER,
JEFFREY PLAEHN, MARIA LERTORA,
PAULA SHOMO, LEE MILLIGAN, JULIO
NAZARIO, individually, and on behalf of all
similarly situated persons,

      Plaintiffs,
v.

PARTY LINE CRUISE COMPANY,
a foreign corporation,

      Defendant.
_____/

CASE NO. 07-80098

CIV-PAINE

MAGISTRATE JUDGE JOHNSON



FILED by JC
INTAKE
JAN 31 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## COMPLAINT FOR COLLECTIVE ACTION

Plaintiffs, Denise Martinec, Patricia Wilson, Milady Ferrer, Bonnie Drotar, Mike Steinberg, Eugene Wheeler, Jeffrey Plaehn, Maria Lertora, Lee Milligan, Julio Nazario, individually, and on behalf of all other similarly situated employees, sue Defendant, Party Line Cruise Company ("Party Line Cruise"), for violations of the Fair Labor Standards Act and in support state:

    1.    This action is brought to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties and damages owed to Plaintiffs and all other similarly situated persons employed or formerly employed by Defendant.

    2.    Plaintiffs were non-exempt employees of Defendant who were not paid overtime in direct violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") within the past three years.

    3.    Plaintiffs and other similarly situated persons employed or formerly employed by

Defendant were consistently required to work more than 40 hours a week without proper overtime compensation.

4. Defendant willfully and intentionally failed to pay the compensation required by the FLSA.

### Jurisdiction, Venue and Parties

5. This Court has jurisdiction over Plaintiffs' claim pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337.

6. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, as Defendant is a foreign corporation which maintains offices and regularly conducts business within the Southern District of Florida and the wrongful acts occurred within this District.

7. At all relevant times, Plaintiffs, and all other similarly situated persons, were "employees" of Defendant within the meaning of the FLSA.

8. At all relevant times, Plaintiff Denise Martinec ("Martinec") was employed as a Food and Beverage Server by Defendant for a work week longer than the statutory maximum without compensation for hours worked in excess of forty (40) hours.

9. At all relevant times, Plaintiff Patricia Wilson ("Wilson") was employed as a Food and Beverage Server by Defendant for a work week longer than the statutory maximum without compensation for hours worked in excess of forty (40) hours.

10. At all relevant times, Plaintiff Milady Ferrer ("Ferrer") was employed as a Food and Beverage Server by Defendant for a work week longer than the statutory maximum without compensation for hours worked in excess of forty (40) hours.

11. At all relevant times, Plaintiff Bonnie Drotar ("Drotar") was employed as a Food and

Beverage Server by Defendant for a work week longer than the statutory maximum without compensation for hours worked in excess of forty (40) hours.

12. At all relevant times, Plaintiff Mike Steinberg ("Steinberg") was employed as a Food and Beverage Server by Defendant for a work week longer than the statutory maximum without compensation for hours worked in excess of forty (40) hours.

13. At all relevant times, Plaintiff Eugene Wheeler ("Wheeler") was employed as a Food and Beverage Server by Defendant for a work week longer than the statutory maximum without compensation for hours worked in excess of forty (40) hours.

14. At all relevant times, Plaintiff Jeffrey Plaehn ("Plaehn") was employed as a Casino Manager by Defendant for a work week longer than the statutory maximum without compensation for hours worked in excess of forty (40) hours.

15. At all relevant times, Plaintiff Maria Lertora ("Lertora") was employed as a Casino Dealer by Defendant for a work week longer than the statutory maximum without compensation for hours worked in excess of forty (40) hours.

16. At all relevant times, Plaintiff Paula Shomo ("Shomo") was employed as a Food and Beverage Server by Defendant for a work week longer than the statutory maximum without compensation for hours worked in excess of forty (40) hours.

17. At all relevant times, Plaintiff Lee Milligan ("Milligan") was employed as a Cruise Concierge by Defendant for a work week longer than the statutory maximum without compensation for hours worked in excess of forty (40) hours.

18. At all relevant times, Plaintiff Julio Nazario ("Nazario") was employed as a Casino Dealer by Defendant for a work week longer than the statutory maximum without compensation for

hours worked in excess of forty (40) hours.

19. At all material times, Defendant was the employer or former employer of Plaintiffs and all other similarly situated persons.

20. At all material times Defendant was an "employer" within the meaning of the FLSA.

21. At all material times Defendant continued to be "engaged in commerce" within the meaning of 29 U.S.C. § 207(a)(1) of the FLSA.

22. All conditions precedent to bringing this lawsuit have been satisfied or waived.

23. Plaintiffs have retained undersigned counsel to represent them in this litigation and have agreed to pay a reasonable fee for undersigned counsel's services.

## COUNT I - FLSA VIOLATION

Plaintiffs re-allege the allegations set forth in paragraphs 1-23 as if fully set forth herein and further allege:

24. Defendant was obligated to compensate Plaintiffs and other similarly situated persons for all hours in excess of forty (40) hours per week at the statutory rate of one and one half times their regular rate.

25. Defendant was also obligated to compensate Plaintiffs and other similarly situated persons at least minimum wage for all hours worked.

26. Plaintiffs and similarly situated persons regularly were required to work in excess of forty hours per week but were not paid the appropriate statutory rate for such work.

27. By failing to pay compensation due under the FLSA to Plaintiffs and other similarly situated persons, Defendant willfully and knowingly violated the provisions of the FLSA which require overtime compensation be paid to all non-exempt employees.

4

28. As a result of Defendant's willful and unlawful practice of paying less than the required rate and amount, Plaintiffs and all other similarly situated persons have been damaged.

WHEREFORE, Plaintiffs and others similarly situated who opt in, respectfully requests that this Court award them compensatory damages, including all compensation (minimum wage and overtime) owed, all interest on all compensation accruing from the date such amounts were due, liquidated damages in an amount equal to the compensation shown to be owed pursuant to 29 U.S.C. §216(b), attorneys' fees under the Fair Labor Standards Act and pursuant to Florida Statutes Section 448.08 against Defendant, and such other monetary and equitable relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues and claims so triable.

Dated: January 30, 2007

                                                  Respectfully submitted,

                                                  DAMIAN & VALORI LLP
                                                  1000 Brickell Avenue, Suite 1020
                                                  Miami, Florida 33131
                                                  Telephone: (305) 371-3960
                                                  Facsimile: (305) 371-3965
                                                  Email: mdamian@dvllp.com

                                                  By: _____
                                                        Melanie E. Damian, Esq.
                                                        Florida Bar No. 0099392
                                                       Miguel Armenteros, Esq.
                                                       Florida Bar No. 0014929

**JS 44** (Rev. 11/05)

# CIVIL COVER SHEET

**07-80098**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**CIV-PAINE**
**MAGISTRATE JUDGE**
**JOHNSON**

### I. (a) PLAINTIFFS
DENISE MARTINEC, et. al.

### DEFENDANTS
PARTY LINE CRUISE COMPANY

**(b)** County of Residence of First Listed Plaintiff: Palm Beach County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Palm Beach County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Melanie Damian, P.A., Damian & Valori, LLP
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131; (305) 371-3960

FILED by INTAKE JAN 31 2007

Attorneys (If Known)

West Palm Beach 07-80098-CIV-Paine/Johnson

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☑ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

### V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Remanded from Appellate Court
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO     b) Related Cases ☐ YES ☑ NO
JUDGE _____    DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Plaintiffs bring this lawsuit against Defendant for compensatory damages, punitive damages, reasonable attorney's fees and costs for violations of the Fair Labor Standards Act, 29 U.S.C. 201.
LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE 1/30/07

FOR OFFICE USE ONLY
AMOUNT $350.00  RECEIPT # 954035  IFP
01/31/07