UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80098-CIV-RYSKAMP/VITUNAC

DENISE MARTINEC, et al.,

    Plaintiff,

v.

PARTY LINE CRUISE COMPANY,
a foreign corporation,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR REHEARING

THIS CAUSE comes before the Court pursuant to Defendant Party Line Cruise Company's Motion for Rehearing of an Order Granting Motion to File Amended Complaint, filed July 24, 2007 **[DE 38]**.  Plaintiffs responded on August 24, 2007 **[DE 60]**.  No reply was filed.  This motion is ripe for adjudication.

### I.  BACKGROUND

Plaintiffs filed this action on January 31, 2007, alleging that they were wrongfully denied overtime pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. while employed in various bar and casino capacities on Defendant's passenger ferry *Cloud X*.

Plaintiffs filed a motion on June 29, 2007 for leave to file a First Amended Complaint to add individual Defendants John Martin ("Martin"), the owner Defendant, Antoine Gurrey

2

("Gurrey"), Defendant's formal general manager, and Barbara Loutsch ("Loutsch"), Defendant's former human resources manager. Gurrey and Loutsch reside in Florida. Martin resides in Illinois. The Court granted the motion on July 24, 2007 without having considered Defendant's July 19, 2007 objection thereto. Accordingly, the Court grants Defendant's motion for rehearing on the motion for leave to amend.

Defendant argues that the proposed amendment is futile with respect to Martin on the grounds that the Court lacks personal jurisdiction over Martin and because Martin is not an employer pursuant to FLSA.

## II.  LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend be freely given "when justice so requires." Carruthers v. BSA Adver., Inc., 357 F.3d 1213, 1218 (11th Cir. 2004). Denials of leave to amend are reviewed under an abuse of discretion standard. Id. Motions to amend may be denied on a variety of grounds, such as undue delay in seeking leave to amend, undue prejudice to the opposing party and futility of amendment. Id.

The determination of whether a court has personal jurisdiction over a nonresident defendant involves a two-part analysis. See Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829, 855 (11th Cir. 1990). First, the court must determine whether the requirements of the applicable state statute governing personal jurisdiction are satisfied. See Miami Breakers Soccer Club v. Women's United Soccer Association, 140 F.Supp.2d 1325, 1327 (S.D. Fla. 2001). Second, the court must determine whether its exercise of personal jurisdiction meets the requirements of the due process clause of the Fourteenth Amendment. See id. (citing Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000)). A

federal court applying Florida's long-arm statute must do so as would the Florida Supreme Court. See id. at 1328 (citing Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V., 701 F.2d 889, 890 (11th Cir. 1983)). "A plaintiff seeking to subject a nonresident defendant to jurisdiction of the court through the long-arm statute must do more than allege facts to show a *possibility* of jurisdiction." Id. (emphasis added) (quoting Jet Charter Service, Inc. v. Koeck, 907 F.2d 1110, 1112 (11th Cir. 1983)).

A plaintiff alleging personal jurisdiction must plead facts in the complaint that support the existence of personal jurisdiction over the defendant. See id. (citing Future Tech, 218 F.3d at 1249). If a complaint pleads such facts, the burden shifts to the defendant to present "affidavits, testimony or other documents to challenge the plaintiff's jurisdictional allegations." Id. A successful challenge on the defendant's part shifts the burden back to the plaintiff to provide similar information in support of the jurisdictional allegations. See id. When a plaintiff must present extraneous information to buttress the complaint's allegations of jurisdiction, the plaintiff bears a heavy burden of proving the existence of jurisdiction: "once a defendant has relied on affidavits, documents, or testimony to challenge the jurisdiction of the court, 'the burden is on the plaintiff to *prove* jurisdiction by affidavits, testimony or documents." Voorhees v. Cilcorp, Inc., 837 F.Supp. 395, 398 (M.D. Fla. 1993) (emphasis added) (citing Jet Charter, 907 F.2d at 1111). It is unnecessary, however, for the parties to submit additional materials concerning the jurisdiction issue if the complaint fails to allege sufficient facts to support the allegations of jurisdiction. See Miami Breakers, 140 F.Supp. at 1327. See also Aero Mechanical Electronic Craftsman v. Parent, 366 So.2d 1268, 1271 (Fla. 1979) ("[T]he burden never shifted to appellant

4

since the Third-Party Complaint only alleged that the defective product left appellant's control and ultimately reached the plaintiff.").

### III.  DISCUSSION

Plaintiffs have not meet their burden of proving jurisdiction as Martin. The proposed Amended Complaint makes no jurisdictional allegations as to Martin whatsoever. As noted, a plaintiff alleging personal jurisdiction must plead facts in the complaint that support the existence of personal jurisdiction over the defendant. See Miami Breakers Soccer Club, 140 F.Supp.2d at 1327 (citing Future Tech, 218 F.3d at 1249). Since Plaintiffs had failed to make such allegations, the burden has not shifted to Defendants to rebut them. It is thus unnecessary for the parties to submit additional materials concerning the jurisdiction issue if the complaint fails to allege any facts in relation to the jurisdictional question. See Miami Breakers, 140 F.Supp. at 1327; Aero Mechanical Electronic Craftsman, 366 So.2d at 1271.

Nor does the Amended Complaint allege that was Martin Plaintiffs' employer under the statute. To be held personally liable for unpaid wages under the statute, a corporate officer must either be involved in the day-to-day operation of the Company or have some direct responsibility for the supervision of the employee whose wages are at issue. See Powell v. Carey Int'l, Inc., 43 F. Supp. 2d 1168, 1183-84 (S.D. Fla. 2007) (holding that former CEO of the Corporation was not subject to personal liability for alleged lessee violations because he did not have control over company day-to-day operations). Plaintiffs has not alleged any facts in the proposed Amended Complaint indicating that Martin was involved in the day-to-day operations of Defendant or had direct responsibility for the supervision of Plaintiffs.

5

Whereas the Amended Complaint contains no allegations relating to jurisdiction over Martin or whether Martin was an employer under the statute, the Amended Complaint could not possibly survive a motion to dismiss. Accordingly, leave to amend is denied.

## IV.  CONCLUSION

THE COURT, having considered the motion and attendant filings, along with the pertinent portions of the record, hereby

ORDERS AND ADJUDGES Defendant Party Line Cruise Company's Motion for Rehearing of an Order Granting Motion to File Amended Complaint, filed July 24, 2007 **[DE 38]** is GRANTED. The July 24, 2007 **[DE 37]** Order granting leave to file an amended complaint is VACATED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 29th day of October, 2007.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE