UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80098-CIV-RYSKAMP/VITUNAC

DENISE MARTINEC, et al.,

    Plaintiff,

v.

PARTY LINE CRUISE COMPANY,
a foreign corporation,

    Defendants.
_____/

## ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS

THIS CAUSE comes before the Court pursuant to Plaintiffs' Verified Motion for Attorneys' Fees and Costs, filed June 19, 2008 **[DE 127]**. Defendant responded on July 14, 2008 **[DE 134]**. Plaintiff replied on July 25, 2008 **[DE 140]**. Plaintiffs also filed a Verified Supplemental Motion for Attorneys' Fees on September 2, 2008 **[DE 146]**. Defendant responded on September 18, 2008 **[DE 148]**. Plaintiff replied on September 22, 2008 **[DE 149]**. The Court held a hearing on these motions on January 30, 2009. These motions are ripe for adjudication.

Plaintiffs filed this action in January of 2007 pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. The Court approved the parties' settlements on June 9, 2008. Plaintiffs now move for attorneys' fees and costs incurred up until May 31, 2008 pursuant to 29 U.S.C. § 216(b). Plaintiffs' initial fees motion requests an attorneys' fees award of $140,452.50 and a costs award of $2,743.10. Plaintiff have also filed a supplemental motion for attorneys' fees seeking fees incurred from June 1, 2008 through August 28, 2008.

2

**A.     Attorneys' Fees**

A reasonable attorneys' fee "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 13 S.Ct. 1933, 1939 (1983).  These two figures form the lodestar amount, which is entitled to a "strong presumption" of reasonableness.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565-66, 106 S.Ct. 3088, 3098 (1986).  Where the number of hours a party claims is unreasonably high, the court may either eliminate excessive hours spent on certain tasks via an hour-by-hour analysis, or it may reduce the number of hours via an across-the-board cut.  See Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008)(citing Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994)).  The reasonable hourly rate "is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing Blum v. Stenson, 465 U.S. 886, 895-96 n.11, 104 S.Ct. 1541, 1547 n.11 (1984)).  In determining what constitutes a reasonably hourly rate and a reasonable number of compensable hours, the Court must consider the 12 factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).[1]

---

[1] "Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Bivins, 548 F.3d at 1350, n.2 (citing Johnson, 488 F.2d at 7 17-19).

Bonner v. City of Prichard, 661 F.2d 06, 1209 (11th Cir. 1981) provides that all decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981 are binding precedent in this Circuit.

The hourly billable rates and the hours expended by each counselor and paralegal in this matter are as follows:

| Individual | Position | Hourly Rate | Hours |
| --- | --- | --- | --- |
| Melanie Damien | Partner | $350 | 8.3 hours |
| Timothy Schrank | Partner | $350 | 284.3 hours |
| Peter Valori | Partner | $350 | 54.3 hours |
| Rod Sullivan | Partner | $300 | 22.9 hours |
| Miguel Armenteros | Associate | $200 | 168.2 hours |
| Russell Landy | Associate | $200 | 4 hours |
| Sabrina Pitta | Paralegal | $75 | 1 hour |
| Lisa Fazza-Diaz | Paralegal | $75 | 4.5 hours |

The Court has reviewed the resumes and biographies of the attorneys working on this matter, and, applying its knowledge of customary fees awards in this district, is satisfied that the hourly rates claimed are reasonable.

The Court is concerned, however, that the total number of hours claimed, 547.5, is unreasonable. Plaintiffs filed an extraordinary number of motions for extensions of time in this matter. Indeed, on August 16, 2007, the number of extensions requested from Plaintiffs became so excessive that the Court barred Plaintiffs from seeking any further extensions. The extensions were largely filed because Plaintiffs struggled with responding to discovery requests in a timely manner. Plaintiffs' counsel billed for time spent requesting these extensions. Defendant cannot

be expected to bear the financial burden for Plaintiffs' counsel's inability to comply with discovery deadlines.  Plaintiffs' dilatory conduct reached the point Defendant was forced to file a Motion to Compel Discovery and Deem Facts Admitted.  Plaintiffs' counsel also spent several hours drafting an opposition to Defendant's motion for rehearing regarding the motion to amend the complaint.  Defendant filed a motion for rehearing due to a clerical error on the part of the Court: the Court initially granted the motion to amend because it failed to note that Defendant had filed an opposition to same.  It was plain from the docket that the order granting the motion to amend was premised on the administrative error, but Plaintiffs nonetheless opposed the motion for rehearing.  Plaintiffs have also submitted fees in a relation to a summary judgment motion, but Plaintiffs never moved for summary judgment in this matter.  The hours spent researching and preparing this motion are not compensable because they had no effect on the outcome of this matter.

   This litigation was not complicated.  Litigation of this matter consisted largely of responding to discovery requests, examining the applicability of potential defenses and negotiating settlements.  Although this matter involved 11 Plaintiffs, FLSA cases frequently have multiple plaintiffs.  The larger number of plaintiffs in this matter did not alter the legal complexity of this case: this case boiled down to a question of numbers – the amount of additional compensation to which Plaintiffs were entitled.  The legal questions presented in this case were not difficult or novel.  The motions practice was virtually nonexistent; there was no motion to dismiss, nor was there was there a motion for summary judgment.  The Court therefore applies a 60% reduction to the number of hours each counselor or paralegal claimed in this matter, reducing the number of hours claimed from 547.5 to 219.

Whereas different counselors charged different hourly rates, the Court will reduce each counselor's and paralegal's hours by 60%, with the following result:

| Individual | Position | Hourly Rate | Previous Hours | Reduced Hours | Reduced Fee |
|---|---|---|---|---|---|
| Damien | Partner | $350 | 8.3 hours | 3.32 hours | $1162.50 |
| Schrank | Partner | $350 | 284.3 hours | 113.72 hours | $39,802 |
| Valori | Partner | $350 | 54.3 hours | 21.72 hours | $7,602 |
| Sullivan | Partner | $300 | 22.9 hours | 9.16 hours | $2,748 |
| Armanteros | Associate | $200 | 168.2 hours | 67.28 hours | $13,456 |
| Landy | Associate | $200 | 4 hours | 1.6 hours | $320 |
| Pitta | Paralegal | $75 | 1 hour | .4 hours | $30 |
| Fazza-Diaz | Paralegal | $75 | 4.5 hours | 1.8 hours | $135 |

Thus, the lodestar amount, the reasonable number of hours expended on the matter multiplied by the reasonable hourly rate, is $65,255.50.

The Court also sees fit to reduce the amount of the lodestar to account for the results obtained in this action. "When the number of compensable hours and the hourly rate are reasonable, a downward adjustment to the lodestar is merited only if the prevailing party was partially successful in its efforts." Bivins, 548 F.3d at 1350-51 (citing Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1150 (11th Cir. 1993)). See also Hensley, 461 U.S. at 434, 103 S.Ct. at 1940 ("The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may be the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'")(citing Johnson, 488 F.2d at 7 17-19); Popham v. City of Kennesaw, 820 F.2d 1570, 1579 (11th Cir. 1987)

(noting that "the court can reduce the lodestar to reflect plaintiff's partial success" and reducing lodestar amount in civil rights action based on limited success).

Each Plaintiff negotiated a separate agreement with Defendant and entered into an individual settlement agreement with Defendant.  The amounts of the individual settlements were $100, $162, $290, $942, $1,024, $1,400, $1,560, $3,175.56, $3,200, $3,779.40 and $7,400.  The settlement amounts totaled $23,033.96.  This amount is in stark contrast to Plaintiffs' collective demand, which, as of October 2007, was approximately $186,530.01.  This amount does not include damages claimed by three Plaintiffs who did not set forth the damages in their initial disclosures or interrogatory responses.  Assuming for the sake of argument that each of these Plaintiffs' demands was equal to the average of the demands of their co-plaintiffs, the overall demand, as of October 2007, is increased by an additional $69,948.75, for a grand total of $256,478.76.  Plaintiffs' overall recovery constitutes only 1/8 (or less) of the damage amounts they originally demanded.  This lackluster results is significantly obvious such that a 60% downward adjustment of the lodestar is appropriate.  The lodestar amount of $65,255.50 is hereby reduced to $26,102.20.

Plaintiffs also requests fees incurred from for 103.9 hours of work performed from June 1, 2008 through August 28, 2008.  The total amount of supplemental fees requested is $36,015.  The Court does not find that any of this time is compensable.

Plaintiffs' counsel has effectively converted their request for attorneys' fees into a second major litigation.  Since June of 2008, Plaintiffs have engaged in excessive, unsuccessful and unnecessary litigation practice that has required both parties and non-parties to expend unnecessary time, resources and money.  This Court approved the settlement of this action on

June 9, 2008.  On June 5, 2008, four days *before* approval of the settlement, Plaintiffs served defense counsel, Schiff Hardin, LLP ("Schiff Hardin"), located in Atlanta, Georgia, with a subpoena seeking billing records pertaining to this lawsuit and noticing a deposition for June 16, 2008.  The same day, Plaintiffs served local counsel, Jones Foster Johnson & Stubbs ("Jones Foster"), with a subpoena seeking billing records and noticing a deposition for June 17, 2008. Schiff Hardin asked Plaintiffs to withdraw the subpoena, but Plaintiffs refused, and, on June 11, 2008, Schiff Hardin filed a motion to quash and/or for protective order in the United States District Court for the Northern District Georgia.  On June 24, 2008, Jones Foster filed a motion to quash and/or for protective order before this Court.  This Court granted the motion to quash on July 1, 2008, barring Plaintiffs from seeking legal invoices and/or legal bills from any party or non-party tendered by or on behalf of Jones Foster in connection with this matter.  Plaintiffs filed a motion for reconsideration of that order on July 24, 2008, which this Court denied on August 20, 2008.  Inexplicably, Plaintiffs opposed the motion to quash in the Northern District of Georgia even after this Court granted the motion to quash and denied the motion to reconsider the order granting the motion to quash.  On September 2, 2008, the Northern District of Georgia issued an order granting Schiff Hardin's motion to quash.

It is inconceivable that Plaintiffs would expect Defendant to pay its fees incurred in filing both its initial motion for fees, which requests an extraordinary, unjustified sum, and to pay its fees incurred in issuing improper subpoenas and defending proper motions to quash.  The supplemental motion for fees is denied in its entirety.

8

**B.     Costs**

Plaintiffs also request a costs award of $2,743.10.  Defendant does not oppose the motion for costs.  28 U.S.C. § 1920 provides that this Court may tax as costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Plaintiffs request the initial $350 filing fee paid to the Clerk of Court and process servers fees in the amount of $370.  These amounts are recoverable under 28 U.S.C. § 1920(1).  Plaintiffs also request costs of deposition transcripts obtained in the amount of $1,571.40.  These costs are recoverable pursuant to 28 U.S.C. § 1920(2).  Plaintiffs also request $451.70 for travel to Tampa, Florida for the deposition of two of Defendant's witnesses.  "[T]ravel expenses are appropriate under section 1920 to the extent they are reasonable."  Cullens v. Georgia Dept. of Trans., 29 F.3d 1489, 1494 (11th Cir. 1994).  The transportation and hotel costs were necessarily and properly incurred in connection with these depositions, but Plaintiffs have not substantiated their costs for their transportation.  Accordingly, Plaintiffs may only recover costs for hotel accommodations, which are $166.88.  Plaintiffs are awarded $2,458.28 in costs.  It is hereby

ORDERED AND ADJUDGED that Plaintiffs' Verified Motion for Attorneys' Fees and Costs, filed June 19, 2008 **[DE 127]**, is GRANTED IN PART AND DENIED IN PART, as explained herein. Plaintiff are awarded a total of $26,102.20 in attorneys' fees and $2,458.28 in costs. It is further

ORDERED AND ADJUDGED that Plaintiffs' Verified Supplemental Motion for Attorneys' Fees on September 2, 2008 **[DE 146]**, is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 25th day of March, 2009.

S/Kenneth L. Ryskamp<br>
KENNETH L. RYSKAMP<br>
UNITED STATES DISTRICT JUDGE